| **United States Bankruptcy Court**<br>**Western District of New York** | **VOLUNTARY PETITION** |
|---|---|

| | |
|---|---|
| **Name of Debtor (Last, Middle, First)**<br><br>**Gorall**, Kathleen B. | |
| ALL OTHER NAMES used by Debtor in the last **8** years (including married, maiden and trade names)<br><br>**NONE** | |
| Last four digits of Soc. Sec. #1500 | |
| Street address of Debtor:<br><br>**59 Moorland Road** | |

| Street address (cont.) | Zip Code |
|---|---|
| **Rochester NY** | Zip Code<br>**14612** |

| | |
|---|---|
| County of Residence or of the Principal Place of Business<br>**Monroe** | |
| Mailing Address of debtor (if different from street address): None | |

| | |
|---|---|
| Location of Principal Assets of Business Debtor (If Different from street address above):  None | |

| Type of Debtor:<br>**[X] Individual** (Includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>[  ] Corporation (includes LLC & LLP)<br>[  ]Partnership<br>[  ]Other: _____ | Nature of Business<br>[ ] Health Care Business<br>[ ] Single Asset Real Estate  as defined in 11 USC §101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ]Commodity Broker<br>[ ] Clearing bank<br>------------------------------<br>[ ] Tax-Exempt Entity: Debtor is a tax exempt organization under Title 26 of the U.S. Code (The IRS Code) | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED:<br><br>[X] Chapter 7 |
|---|---|---|
| Filing fee: [X] Full filing fee attached<br><br>Chapter 11 Debtors: Not Applicable | | [X]   Nature of Debt: Debts that are primarily **consumer debts**, defined in  11USC §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."<br><br>[  ]   Debts are primarily **business debts** |

| STATISTICAL ADMINISTRATIVE INFORMATION | THIS SPACE FOR COURT USE ONLY |
|---|---|
| [  ] Debtor estimates that funds will be available for distribution to unsecured creditors<br><br>[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors (except, in the case of Chapter 13, from post-petition plan payments) | |
| Estimated Number of Creditors: [x]1-49  [ ]50-99  [ ]100-199  [ ]200-999  [ ]1,000-5,000  [ ]5,000-10,000 | |
| Estimated Assets: [x]$0-$50,000  [ ]$50,001-$100,000   [ ]$100,001 to $500,000  [ ]$500,001 to $1Million | |
| Estimated Debts:  [ ]$0-$50,000  [ ]$50,001-$100,000   [X ]$100,001 to $500,000  [ ]$500,001 to $1Million | |

| Voluntary Petition: Name of Debtors: Kathleen B.   Gorall | | |
|---|---|---|

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 8 YEARS : | | |
|---|---|---|
| Location where Filed:  WDNY; Rochester | Case #08-20257 | Date filed: Joint Chap. 13 filed 2/7/08; dismissed 8/26/08; closed 12/16/08 |

| Pending bankruptcy case filed by any Spouse, partner, or affiliate of this debtor:  **[X] NONE** | | |
|---|---|---|
| Name of Debtor: | Case # | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A (To be completed if debtor is required to file periodic reports (e.g. form 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>**[X] Not Applicable** | **Exhibit B**<br><br>(To be completed if the debtor is an individual whose debts are primarily consumer debts):<br><br>I, the attorney for the petitioner in the foregoing petition declare that I have informed the petitioner that [he or she] may proceed under Chapter 7, 11, 12, or 13 of Title 11, United States Code, and have explained the relief available under each such chapter.<br><br>I further certify that I have delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br><br>/s/_____          Date signed: <u>January 15, 2009</u><br>Peter Scribner; Attorney for  Debtor |
|---|---|
| **Exhibit C**<br><br>Does the Debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?<br><br>[ ] Yes, and Exhibit "C" is attached and made part of this petition<br><br>**[X] NO** | |
| | **Exhibit D:** (to be completed by every debtor.  If a joint petition is filed, each spouse must complete and attach a separate exhibit D.)<br><br>[X]  Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>[ ] If this is a joint petition, Exhibited D also completed and signed by the joint debtor is attached and made a part of this petition. |

**Information Regarding the Debtor -- Venue (Check the Applicable Boxes)**
[X] VENUE: Debtor has been domiciled or has had a residence, principle place of business or principle assets in this District 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
[ ] There is a bankruptcy case concerning the debtor's affiliate, general partner, or partnership pending in this District.
[ ] Debtor is a debtor in a foreign proceeding and has its principle place of business or principal assets in the United States in this District, or has no principle place of business or assets in the United States but is a defendant in an action pr proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes*

[ ]  Landlord has a judgment against the debtor for possession of the debtor's residence.
    (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

[ ] Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ] Debtor has included in this petition the deposit with the Court of any rent that would become due during the 30-day period after the filing of the petition.

[ ] Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Voluntary Petition: Name of Debtors: Kathleen B.   Gorall

**Signature of Debtor (Single Debtor):**

**I declare under penalty of perjury that the information provided in this petition is true and correct. [If the petitioner is an individual whose debts are primarily consumer debts] I am aware that I may proceed under chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title**.  **I request relief in accordance with chapter 7 of title 11, United States Code, as specified in this petition.**

/s/_____          Date signed:___January 15, 2009___
Signature of  Kathleen B. Gorall
Chapter 7 Debtor


Signature of Attorney*

/s/_____          Date signed:___January 15, 2009___
Peter Scribner; Attorney for  Debtor
1110 Park Avenue
Rochester, NY 14610
Phone: (585) 261-6461          fax: (585) 256-6462          e-mail: pscribner@rochester.rr.com

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Gorall, Kathleen B.                                                                                                      Chapter 7

### EXHIBIT D - INDIVIDUAL DEBTOR STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT (Gorall, Kathleen B.)

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[X]  1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ]  2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed*.

[ ]  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

   **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

[ ]  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   [ ]   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   [ ]   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**

   [ ]   Active military duty in a military combat zone.

[ ]  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. §109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Date signed:    January 15, 2009       /s/_____
                                                   Kathleen B. Gorall

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Gorall, Kathleen B.                                                    Chapter 7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedule A and B to determine the total amount of the Debtor's assets.  Add the amounts from Schedule D, E, and F to determine the total amount of the Debtor's liabilities. Individual debtors must also complete the "Statistical Summary of certain Liabilities"

| Name of Schedules | Attached (Yes/No) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A- Real Property | Yes | part of 1 | $0.00 | | |
| B-Personal Property | Yes | 3 | $18,712.00 | | |
| C- Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors holding Secured Claims | Yes | part of 1 | | $17,244.00 | |
| E- Creditors holding Priority Claims | Yes | 2 | | $49,315.00 | |
| F- Creditors holding Unsecured Claims | Yes | 3 | | $53,616.00 | |
| G-  Contracts & Unexpired leases | Yes | part of 1 | | | |
| H- Co-Debtors | Yes | part of 1 | | | |
| I- Current income | Yes | 1 | | | $4,773.00 |
| J- Current expenses | Yes | 2 | | | $6,005.00 |
| Total  sheets in all schedules ▷ | | 12 | | | |
| Total Assets ▷ | | | $18,712.00 | | |
| Total liabilities ▷ | | | | $120,175.00 | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 USC §159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

[ ] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes & certain other debts owed to Governmental Units (from Schedule E) | $49,315.00 |
| Claims for Death or personal injury while debtor was intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan obligations (from schedule F) | $34,574.00 |
| Domestic support, separation agreement and divorce decree obligations not reported on Schedule E | $0.00 |
| Obligations to pensions or profit-sharing, and other similar obligations (from schedule F) | $0.00 |
| Total | $83,889.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $4,773.00 |
| Average Expenses (from Schedule J, Line 18) | $6,005.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $6,947.56 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $4,484.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $49,102.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $213.00 |
| 4. Total from Schedule F | | $53,616.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $58,313.00 |

## Schedule A: Real Property

## [ X ] Check here if Debtor does not own any Real Property

**(Note: debtor's residence is owned by her husband only; see deed rec. MCCO L. 9012 p. 397 5/28/98)**

Except as directed below, list all real property in which the Debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the Debtor has a life estate.  Include any property in which the Debtor holds rights and powers exercisable for the Debtor's own benefit.  If the Debtor is married, state whether husband, wife, or both own the property by placing an "H", "W" or "J" (for "husband", "wife" or "Joint") in the "H, W, or J" column.

Do not include any leases or contracts in this schedule (list them in Schedule G -  Executory Contracts and Unexpired Leases.)

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D

| Description and Location of Property | Nature of Debtor's Interest in property | | Current Value of Debtor's Interest in Property | Description of any Secured Claim | Amount of any Secured Claim |
|---|---|---|---|---|---|
| None | | | $0.00 | | |

| | | |
|---|---|---|
| **Total:** | $0.00 | |

## Schedule B - Personal Property

Except as directed below, list all personal property of the Debtor of whatever kind. If The Debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "NONE."  If the Debtor is married, state whether husband, wife, or both own the property by placing an "H", "W" or "J" (for "husband", "wife" or "Joint" in the "H, W, or J" column.  Do not include any leases or contracts in this schedule (list them in Schedule G - Executory Contracts and Unexpired Leases.  If the property is being held for the Debtor by someone else, state that person's name and address under "description."

| Type of Property | NONE | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| 1. Cash on hand | | | $10.00 |
| 2. Checking, savings or other financial accounts; Certificates of Deposit or shares in banks, Savings and Loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives: | | Name of Bank: ESL FCU Checking | $110.00 |
| | | Summit FCU Checking | $51.00 |
| | | Summit FCU Savings | $1.00 |
| 3. Security deposits with public utilities, telephone companies, landlords or other | | | $0.00 |
| 4. Household goods & furnishings, including audio, video & computer equipment | | Exempt assets: ½ interest in regular household furniture and kitchen-ware, including: ½ interest in: 27" JVC TV, bought 2003 for $325; 2003 Stereo, bought 2003 $225 | $2,000.00 |

| Type of Property | N O N E | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| | | Un-exempt assets: I-Pod, bought 2006; ½ interest in: Sony 27" TV, bought 2000 for $450; 27" JVC TV bought 2002 for $299; PS2, bought 2005 for $199; Nintendo Wii, bought 2007 $199; NAD DVD player bought 2003 $175; | $300.00 |
| 5. Books, pictures, and other art objects; antiques, stamp, coin record, tape, compact disk and other collections or collectibles | | ½ interest in 27 DVD's; 23 VHS tapes; 10 video games; 56 books | $50.00 |
| 6. Wearing apparel | | | $500.00 |
| 7. Furs & jewelry | X | | $0.00 |
| 7. Furs & jewelry | | Wedding rings; bought 1989 $100 | $30.00 |
| | | Engagement ring bought 1988 $500; mother's ring bought 2001 $100; cosmetic necklaces, bracelets, earrings with total original retail of c. $300 | $300.00 |
| 8. Firearms and sports, photographic and other hobby equipment | | ½ interest in: (4) kid's bikes (total original retail cost $445); Treadmill bought 2003 $350; (2) sets of golf clubs (one bought 2000 $275, one a gift); tennis racket bought 2002 $75; bowling ball bought 2000 $100; misc. children's basket balls, footballs, baseballs; Cannon Sure Shot digital camera bought 2004 $249; | $200.00 |
| 9. Interest in insurance policies (list surrender or refund value) | X | | $0.00 |
| 10. Annuities | X | | $0.00 |
| 11. Interest in Educational IRA (26 USC §530(b)(1) or under a qualified State tuition plan (26 USC §529(b)(1) (file separate the records of any such interests (§521(c); Rule 1007(b)) | X | | $0.00 |
| 12. Interest in IRA, ERISA, Keogh, or other pension or profit sharing plans. | | 401(k) | $2,400.00 |
| 13. Stock & interests in incorporated or unincorporated businesses. | X | | $0.00 |
| 14. Interests in partnerships or joint ventures. | X | | $0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | $0.00 |
| 16. Accounts receivable. | X | | $0.00 |
| 17. Alimony, maintenance, support, or property settlements to which the Debtor may be entitled. | X | | $0.00 |
| 18. Other liquidated debts owing Debtor. | X | | $0.00 |

| Type of Property | N O N E | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the Debtor other than property listed in schedule of Real Property. | X | | $0.00 |
| 20. Contingent & non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | $0.00 |
| 21. Other contingent & unliquidated claims of every nature, inc. **tax refunds**, counter-claims of Debtor, and rights to setoff claims | X | | $0.00 |
| 22. Patents, copyrights, and other intellectual property. | X | | $0.00 |
| 23. Licenses, franchises, general intangibles. | X | | $0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (§101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | $0.00 |
| 25. Automobiles, trucks, trailers & other vehicles and accessories. | | 2004 Chrysler Pacifica (71,500 miles; scheduled value is kbb.com retain; subject to ESL lien $14,147 | $10,615.00 |
| | | 1997 Ford Contour (97,000 miles); scheduled value is kbb.com retain; subject to Credit Acceptance lien $3,097 | $2,145.00 |
| 26. Boats, motors & accessories. | X | | $0.00 |
| 27. Aircrafts & accessories. | X | | $0.00 |
| 28. Office equipment, furnishings & supplies. | X | | $0.00 |
| 29. Machinery, fixtures, equipment & supplies used in business. | X | | $0.00 |
| 30. Inventory | X | | $0.00 |
| 31. Animals | X | | $0.00 |
| 32. Crops - growing or harvested. | X | | $0.00 |
| 33. Farming equipment and implements | X | | $0.00 |
| 34. Farm supplies, chemicals and feed. | X | | $0.00 |
| 35. Other personal property of any kind not already listed | X | | $0.00 |
| | | **Schedule B Total:** | $18,712.00 |

# Schedule C: Property Claimed as Exempt

Debtor elects the exemption to which the Debtor is entitled under 11 USC §522(b)(2) and New York Debtor and Creditor Law §282 & 283. Debtor claims maximum statutory limit for each type of property.

| Description of Property | Specify New York Law providing each exemption | Value of Claimed Exemption | Value of Property without deducting exemptions |
|---|---|---|---|
| Wearing apparel & household goods | D&C §282(i) | $2,500.00 | $2,500.00 |
| Automobile: 2004 Chrysler Pacifica | D&C §282(iii)(1) | $2,400.00 | $10,615.00 |
| Pension *(401(k))* | CPLR §5205(c)(2) | (full amount) | $2,400.00 |
| Cash, bank accounts, tax refunds | D&C §283 | $2,500.00 | $172.00 |
| Wedding ring | D&C §282 | $30.00 | $30.00 |

# Schedule D: Creditors holding Secured claims
## (See also IRS liens, listed on Schedule E)

State the name, mailing address, including zip code, and account number, if any, of all of all entities holding claims secured by the property of the Debtor, as of the date of filing the petition. List creditors holding all types of secured interests such as lien judgements, garnishments, statutory liens, mortgages, and other security interests.
[X] Check here if Debtor has no co-Debtor other than spouse. Otherwise, list any co-Debtor in "description" column.
[X] Check here if no debts are contingent or disputed; otherwise, list any contingency or dispute in the "description" column.

| Creditor Name and Mailing Address | Description of security, account #, and date of debt | Full Value of security | Full Amount of Claim | Unsecured portion of claim |
|---|---|---|---|---|
| ESL Federal Credit Union 100 Kings Hwy S. Ste. 1200 Rochester, NY 14617-5541 | Auto loan: 2004 Chrysler Pacifica | $10,615.00 | $14,147.00 | $3,532.00 |
| Credit Acceptance PO 513 Southfield MI 48034 | Auto loan: 1997 Ford Contour | $2,145.00 | $3,097.00 | $952.00 |
| Total (report total of "full amount of claimed" on Summary of Schedules; report "total of unsecured portion of claims", if applicable, on Statistical Statement of Certain Liabilities and Related Data.) | | | $17,244.00 | $4,484.00 |

# Schedule E: Creditors holding Unsecured, Priority claims

A complete list of claims entitled to property, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided below, state the name and mailing address, including zip code, and account number if any, of all entities holding priority claims against the Debtor or property of the Debtor, as of the date of the petition.

[ ] **Domestic Support Obligations:** Claims for alimony, maintenance or domestic support that are owed to or recoverable by a spouse, former spouse or child of the debtor, or the parent, legal guardian, or responsible relative of such child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 USC §507(a)(1)

[ ] **Extensions of credit in an involuntary case**. 11 USC §507(a)(3)

[ ] **Wages, salaries, & commissions**: Wages, salaries, & commissions, including vacation, severance, and sick leave pay owing to employees and commissions owed to qualified sales representatives up to $10,000 per person earned within 180 days preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 USC §507(a)(4)

[ ] **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 USC §507(a)(5)

[ ] **Claims of certain farmers and fisherman**, up to $4,925 per farmer or fisherman, against the debtor, as provided in 11 USC §507(a)(6)

[ ] **Deposits of individuals**: Claims of individuals up to a maximum of $2,225 for deposits, leases, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 USC §507(a)(7)

[X] **Taxes and Other Certain Debts Owed to Governmental Units**: Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 USC §507(a)(8)

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution.** 11 USC §507(a)(9)

[ ] **Claims for Death or Personal Injury While Debtor was Intoxicated:** Claims for Death or Personal Injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or other substance. 11 USC §507(a)(10)

## [ X ] Continuation sheet with priority claims attached

# Schedule E: continuation sheet

| Creditor Name and Address and account number | Date claim was incurred & consideration for claim | Any Co-debtor; contingent, unliquidated, disputed? | Amount of claim | Amount entitled to priority | Amount **NOT** entitled to priority, if any |
|---|---|---|---|---|---|
| Account #***-**-0500 | | | | | |
| Internal Revenue Service Insolvency Section P.O. Box 21126 Philadelphia, PA 19114  Alternative address: Internal Revenue Service Att: Special Procedures Niagara Center, 2nd Floor 130 South Elmwood Ave. Buffalo, NY 14202 | 2003 income tax (lien filed) | Husband Scott Gorall | $4,552.00 | $4,552.00 | $0.00 |
| | 2004 income tax (lien filed) | (same) | $18,806.00 | $18,806.00 | $0.00 |
| | 2005 income tax (lien filed) | (same) | $12,432.00 | $12,432.00 | $0.00 |
| NYS Dept. of Tax & Finance Bankruptcy Unit PO Box 5300 Albany NY 12205-0300 | 2003 (lien filed 10/14/08) | Husband Scott Gorall | $4,394.00 | $4,181.00 | $213.00 |
| | 2004 (lien filed 9/07) | (same) | $6,304.00 | $6,304.00 | $0.00 |
| | 2005 (lien filed 9/07) | (same) | $2,827.00 | $2,827.00 | $0.00 |
| **Total**: (Report also on Summary of Schedules.) | | | $49,315.00 | | |
| **Total**: (if applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | | | | $49,102.00 | $213.00 |

# Schedule F: Creditors holding Unsecured, non-priority claims

State the name, mailing address, including zip code, and account number, if any, of all of all entities holding unsecured claims without priority against the Debtor or the property of the Debtor, as of the date of filing the petition. Do not include claims listed in schedule D & E.

[X] Check here if Debtor has no co-Debtor other than spouse. Otherwise, list any co-Debtor in "description" column.

[X] Check here if no debts are contingent or disputed; otherwise, list any contingency or dispute in the "description" column.

Note: for revolving charge accounts, the "debt date" listed below is the approximate date the account was last used.

*Single debtor:*

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| American Dream Card<br>PO Box 21550<br>Tulsa, OK 74121<br><br>Alternative address:<br>American Dream card<br>PO Box 17313<br>Baltimore MD 21297-1313 | xxxx-5655 | Consumer transaction | >2007 | $1,218.00 |
| Citibank Student Loan<br>PO Box 6191<br>Sioux Falls, SD 57117<br><br>Alternative address:<br>Educational Credit Management Corp.<br>PO Box 8809<br>Richmond VA 23225 | xxxx-22/23 | Consumer transaction | 1993 | $34,574.00 |
| Citi Residential Lending, Inc.,<br>P.O. Box 769<br>Orange, CA 92866-9998<br><br>Alternative address:<br>Citi Residential Lending Inc.<br>PO Box 11000<br>Santa Ana, CA 92711<br><br>Alternative address:<br>Citi Residential Lending, Inc.<br>c/o Buchalter Nemer<br>16435 N. Scottsdale Road Suite 440<br>Scottsdale, AZ 85254 | xxxx-6992 | Possible personal liability on mortgage (real estate owned by husband; this creditor filed a proof of claim in 2008 Ch. 13 in both debtors' name) | n/a | $0.00 |
| **Sub-total; this page (page 1 of 3):** | | | | $35,792.00 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Juniper Bank<br>PO Box 8802<br>Wilmington, DE 19899<br><br>Alternative address:<br>Juniper Bank<br>PO Box 13337<br>Philadelphia PA 19101-3337<br><br>Alternative address:<br>Barclays Bank Delaware<br>C/O West Asset Management<br>7171 Mercy Rd<br>Omaha, NE 68106<br><br>Alternative address:<br>Roundup Funding, LLC<br>Assignee of Barclays Bank Delaware<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221<br><br>For notification only:<br>West Asset management<br>Agent for Juniper Bank<br>PO Box 956842<br>St. Louis MO 63195 | xxxx-1939 | Consumer transaction | >2007 | $3,440.00 |
| Lowes<br>PO Box 530914<br>Atlanta, GA 30353<br><br>eCAST Settlement Corporation assignee of<br>GE Money Bank/Lowes Consumer<br>POB 35480<br>Newark NJ 07193-5480 | xxxx-5847 | Consumer transaction | >2007 | $2,605.00 |
| Merrick Bank<br>PO Box 5721<br>Hicksville, NY 11802 | xxxx-9575 | Consumer transaction | >2007 | $2,280.00 |
| Merrick Bank<br>PO Box 9201<br>Old Bethpage, NY 11804<br><br>For notification only:<br>Merrick Bank<br>C/O Weinstein and Riley, PS<br>2001 Western Avenue, Ste 400<br>Seattle, Wa 98121 | xxxx-0026 | Consumer transaction | >2007 | $1,768.00 |
| **Sub-total; this page (page 2 of 3):** | | | | $10,093.00 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Palisades Collection LLC<br>a/p/o Providian National Bank<br>210 Sylvan Avenue<br>Englewood Cliffs NJ 07632<br><br>Foster & Garbus<br>Attorneys for Palisades Collection<br>PO Box 9030<br>Farmingdale NY 11735<br><br>Palisades Collection<br>C/O Monroe County Sheriff<br>Att: Civil Bureau<br>65 W Broad St<br>Rochester, NY 14614 | xxxx-6094 | Consumer transaction | >2004 | $5,700.00 |
| Sam's Club<br>PO Box 520942<br>Atlanta, GA 30353<br><br>eCAST Settlement Corporation assignee of<br>GE Money Bank/Sams Club<br>POB 35480<br>Newark NJ 07193-5480 | xxxx-1981 | Consumer transaction | >2007 | $1,931.00 |
| **Sub-total; this page (page 3 of 3):** | | | | $7,631.00 |
| **Total:**(Report also on Summary of Schedules. If applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | | | | $53,516.00 |

# Schedule G: Executory Contracts and Unexpired Leases
# [ X ] Check here if Debtor has no Executory Contracts or Unexpired Leases

Described all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of Debtor's interest in contract, i.e. "Purchaser," "Agent" etc. State whether the Debtor is lessor or lessee of a lease. Provide the name and complete mailing address of all parties to each lease or contract described. NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors

| Name and Mailing Address, including Zip Code, of other parties to lease or contract | Description of contract or lease and nature of the Debtor's interest, state weather lease is for nonresidential real property. State contract number of any government contract |
|---|---|
| | |

# Schedule H: Co-Debtors

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debt listed by a Debtor in the schedules of creditors. Include all guarantors and cosigners. Include all names used by a non-Debtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a co-debtor or creditor, indicate that by stating "a minor child" and do not include the child's name.

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| IRS & NYS taxes on Sch. E | Scott Gorall (Husband; same address) |

# Schedule I: Current Income of Debtor

*Official instructions:* The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 and 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital status: Married | Dependents of Debtor & Spouse:   Age    Relationship | | |
|---|---|---|---|
| | KLG | 13 | |
| | KPG | 11 | |
| | KMG | 8 | |

| Employment | Debtor | Joint Debtor / Spouse |
|---|---|---|
| **Occupation** | Nurse | Unemployed mortgage broker |
| **Name of Employer** | Excellus | |
| **How long employed** | c. 2 yrs | |
| **Address of employer** | 165 Court St. Rochester NY 14647 | |

| Income: (estimate of average monthly income) | Debtor | Spouse |
|---|---|---|
| 1. Current monthly gross wages and commissions (based on 2008) | $5,037.00 | $0.00 |
| 2. Estimated monthly overtime | $0.00 | |
| 3. SUBTOTAL | $5,037.00 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $1,005.00 | |
|   b. Health and other insurance, *including flex spend* | $299.00 | |
|   c. Union dues | $0.00 | |
|   d. Other (Specify: *401(k)*) | $311.00 | |
|   e. Other (Specify: *parking*) | $76.00 | |
|   f. Other (Specify: *Life insurance*) | $25.00 | |
|   d. Other (Specify: *401(k) loan taken out Sept. 2008; 2 year note*) | $127.00 | |
| 5. SUBTOTAL OF ALL PAYROLL DEDUCTIONS | $1,843.00 | |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | **$3,194.00** | **$0.00** |
| 7. Regular income available from the operation of a business; profession, or farm. Attach detailed statement *(Note: debtor is a Mary Kay beauty consultant, but the business does not generate income; 2007 showed business loss of $118 for the year)* | $0.00 | $0.00 |
| 8. Interest from real property | $0.00 | $0.00 |
| 9. Interest & dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance, or support payments payable to the Debtor for the Debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. Social Security or other government assistance *(husband's net unemployment)* | $0.00 | $1,579.00 |
| 12. pension or retirement income or other monthly income | $0.00 | $0.00 |
| 13. Other: | $0.00 | $0.00 |
| 14. Sub-total of lines 7 through 13 | $0.00 | $0.00 |
| 15. AVERAGE MONTHLY INCOME (Combined lines 6 & 14): | $3,194.00 | $1,579.00 |
| **16.**                COMBINED AVERAGE MONTHLY INCOME: (Report also on Summary of Schedules. If applicable, report on Statistical  Statement of Certain Liabilities and Related Data.) | | **$4,773.00** |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document: -- **Husband is looking for work**

# Schedule J: Current Household Expenditures

Complete this schedule by estimating the average monthly expenses of the Debtor and the Debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

| Description | Amount |
|---|---|
| 1. Rent or home mortgage payment *First Mortgage (husband's debt)* <br> (a) Insurance included? NO **(b) Real Estate taxes included? NO** | $1,011.00 |
| *Second mortgage (husband's debt)* | $908.00 |
| 2. a. Utilities: Electricity and heating fuel | $275.00 |
| b. Water & Sewer | $25.00 |
| c. Telephone | $37.00 |
| *Cell phone; family plan* | $157.00 |
| d. Sanitation | $30.00 |
| 3. Home maintenance (repair & upkeep) | $100.00 |
| 4. Food | $825.00 |
| 5. Clothing | $125.00 |
| 6. Laundry & dry cleaning | $50.00 |
| 7. Medical & dental expenses (not reimbursed by insurance) *(expenses above and beyond out-of-pocket expenses covered by flex-spend, which is accounted for on Schedule I)* | $150.00 |
| 8. Transportation (<u>not</u> including car payments): *two cars: Gas: $300 Repair: $200* | $500.00 |
| 9. Recreation, clubs & entertainment, newspapers, magazines etc. | $0.00 |
| 10. Charitable contributions *(Church)* | $100.00 |
| 11. a. Insurance (not deducted from wages or included in home mortgage payments): Homeowner's or renter's insurance | $20.00 |
| b. Life insurance | $0.00 |
| c. Health insurance | $0.00 |
| d. Automobile insurance | $72.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments): Specify: *Property taxes (not escrowed)* | $210.00 |
| 13. Installment payments that will still be paid after filing: (in Chapter 13, do not include payments to be included in the plan) *Car loan #1 (ESL)* | $368.00 |
| *Car loan #2 (Credit Acceptance)* | $220.00 |
| 14. Alimony, maintenance, and support paid to others | $0.00 |
| 15. Payments for support of additional dependents not living at home | $0.00 |
| 16. Regular expenses from operation of business, profession or farm (attach detailed statement) | $0.00 |
| 17. Other: *Income tax repayment (1/60 of total debt; non-filing spouse jointly liable)* | $822.00 |
| **18. Average Monthly Expenses** (Report also on Summary of Schedules. If applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | **$6,005.00** |

| 19. | Describe any increase or decrease in expenses reasonably anticipated to occur within the year following the filing of this document: | None |
|---|---|---|

| 20. Statement of monthly net income: | |
|---|---|
| a. Average monthly income, from Schedule I: | $4,773.00 |
| b. Average monthly expenses, from Schedule J, above | $6,005.00 |
| c. Monthly net income (a. minus b.) | $0.00 |
| d. Chapter 13 only: Total amount to be paid into the plan each month: | |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES:

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR:

I declare under penalty of perjury that I have read the foregoing summary & schedules, consisting of 13 sheets (total shown on summary page plus 1), and that they are true and complete to the best of my/our knowledge, information and belief.

Date signed:    January 15, 2009

/s/_____
    Kathleen B. Gorall

*Penalty for making a false statement or concealing property: fine of up to $500,000 or imprisonment for up to five years, or both. 18 USC §§152 and 3571*

Gorall, Kathleen B.                                                                                      Chapter 7

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every Debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, must also complete questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."**

**Definitions:**

*"In business."*  A debtor is "in business for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is, or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: 1) an officer, director, managing executive or owner of 5 percent or more of the voting or equity securities of a corporation; 2) a partner, other than a limited partner, of a partnership; 3) a sole proprietor or 4) self employed full time or part time.  An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes, but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director or person in control; officers, directors and any other owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 USC §101.

| | | |
|---|---|---|
| **1. Income from Employment or operation of  business:** State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business, including part time activities, either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year. (Married debtors filing under Chapter 13 must state of both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Source:** | YTD, H) | $0.00 |
| | YTD, W) | $2,449.00 |
| | H) 2008 | $16,564.00 |
| | W) 2008 | $60,447.00 |
| | Joint; 2007 | $96,438.00 |
| **2. Income Other than from Employment or operation of a business:** State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business  during the **two years** immediately preceding the commencement of this bankruptcy case. Give particulars.   (Married debtors filing under Chapter 13 must state of both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)   **Source: H: unemployment since 11/08 to date** | H) | $1,863.00 |
| | W) | $0.00 |

**3. Payments to creditors:** *Complete a. or b. as appropriate and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods and services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; date of payment; amount paid; and amount still owing:**

Car loan payments: 3 payments to ESL; 3 payments to Credit Acceptance

N/A    *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; dates of payments or transfers; amount paid or value of transfers; and amount still owing:**

NONE
[X]    c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders: (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor and relationship to debtor; date of payment; amount paid; and amount still owing:**

NONE
[X]    **4. Suits and administrative proceedings, Executions, Garnishments and Attachments:**
a. List all suits and administrative proceedings to which the Debtor is or was a party within **one year** immediately preceding the commencement of this bankruptcy case. (Married debtors filing under Chapter 13 must include information concerning either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include caption of suit and case number; nature of proceeding; court or agency and location; and status or disposition.**

NONE
[X]    b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of person for whose benefit property was seized; date of seizure; and description and value of property.**

**NONE**
**[X]**  **5. Repossessions, Foreclosures & Returns:** list all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure, or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor or seller; date of repossession, foreclosure sale, transfer or return; and description and value of the property.**

**NONE**
**[X]**  **6. Assignments and Receiverships.**
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include any assignment by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of assignee; date of assignment; and terms of assignment or settlement.**

**NONE**
**[X]**  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of custodian; name of court, case title and number; date of order; and description and value of the property.**

**7. Gifts:** List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 13 must include gifts or contributions of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of person or organization; relationship to debtor, if any; date of gift; and description and value of gift.**

Debtor's ½ share of regular gifts to Mother of Sorrow's Church; total last 12 months $600

**NONE**
**[X]**  8. Losses: List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case.** (Married debtors filing under Chapter 13 must include loses by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include description and value of property; description of circumstances and, if loss was covered in whole or in part by insurance, give particulars; and date of loss.**

**9. Payments related to debt counseling or bankruptcy:** List all payments made or property transferred by or on behalf of the Debtor to any person, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law, or preparation of a bankruptcy petition within **one year** immediately preceding the commencement of this case. **Include name and address of payee; date of payments; name of payor if other than debtor; amount of money or description and value of property**

Prior to filing, Debtor paid Attorney Peter Scribner; 1110 Park Avenue; Rochester NY; $299.00 filing fee and a retainer of $1,201.00

Pre-petition consumer credit counseling $35

For payment to former bankruptcy attorney in 2008 Ch. 13 case, see Rule 2016 statement in that case

NONE 10. **Other transfers:**
[X] a. List all other property, other than property transferred in the ordinary course of business or financial affairs of the Debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include transfers by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of transferee; date of transfer; description of property transferred and value received.**

NONE b. List all property transferred by the debtor within **ten years** immediately
[X] preceding the commencement of this case to a self-settled trustor similar device of which the debtor is a beneficiary. **Include name of trust or other devise; date(s) of transfer(s); amount of money or description and value of of property or debtor's interest in property.**

NONE 11. **Closed financial accounts:** List all financial accounts and instruments
[X] held in the name of the Debtor or for the benefit of the Debtor which were closed, sold or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts in banks, credit unions, pension funds, cooperative funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of institution; type of account; last four digits of account number; amount of final balance; and amount & date of sale or closing.**

NONE 12. **Safe deposit Boxes:** List each safe deposit or other box or depository in
[X] which the Debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include boxes or depositories of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of bank or other depository; name and address of those with access to box or depository; description of contents; and date of transfer or surrender, if any.**

NONE 13. **Setoffs:** List all setoffs made by any creditor, including a bank, against a
[X] debt or deposit of the Debtor within **90 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; date of setoff; and amount of setoff.**

NONE 14. **Property Held for Another Person:** List all property owned by another
[X] person the Debtor holds or controls. **Include name and address of owner; description and value of property; and location of property.**

NONE 15. **Prior Address of Debtor:** If the Debtor has moved within **three years**
[X] immediately preceding the commencement of filing this case, list all premises which the Debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse. **Include address; name used; and dates of occupancy.**

NONE 16. **Spouses and Former Spouses:** If the debtor resides or resided in a community property state,
[X] commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state. **Name:**

NONE **17. Environmental Information:**
[X]

For the purposes of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"site" means any location, facility, or property as identified under any Environmental Law, whether or not presently or formally owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. **Indicate the site name and address; the name and address of the governmental unit; the date of the notice; and, if known, the Environmental Law.**

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of hazardous material. **Indicate the site name and address; the name and address of the governmental unit; the date of the notice; and, if known, the Environmental Law.**

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. **Indicate the name and address of the governmental unit that is or was a party to the proceeding; the docket number; and the status or disposition.**

NONE **18. Nature, location & name of business:**
[X] a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation; partner in an partnership; sole proprietor; or was a self employed in a trade, professional or other activity, either full- or part-time, within **six years** immediately preceding the filing of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this bankruptcy case.

NONE b. Identify any business listed in response to subdivision a. , above, that is "single asset real estate" as
[X] defined in 11 USC §101: *"real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."*

I declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs, and any attachments thereto, and that they are true and correct.

Date signed:  __January 15, 2009__          /s/_____
                                                     Kathleen B. Gorall

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to five years, or both. 18 USC §§152 and 3571*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Gorall, Kathleen B.                                                                        Chapter 7

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property #1 | |
|---|---|
| **Creditor's Name:** ESL Federal Credit Union | **Describe Property Securing Debt**: 2004 Chrysler Pacifica |
| Property will be *(check one)*:   [ ] Surrendered   [x ] Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>[ ] Redeem the property<br>[X] Reaffirm the debt<br>[ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>[X ] Claimed as exempt     [ ] Not claimed as exempt | |

| Property #2 | |
|---|---|
| **Creditor's Name:** Credit Acceptance | **Describe Property Securing Debt**: 1997 Ford Contour |
| Property will be *(check one)*:   [ ] Surrendered   [ x ] Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>[ ] Redeem the property<br>[ x ] Reaffirm the debt<br>[ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>[ ] Claimed as exempt     [x ] Not claimed as exempt | |

**PART B – Personal property subject to unexpired leases.** *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property #1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>[ ] YES   [ ] NO |

3. I **declare under penalty of perjury that the above indicates my/our intention as to any property of my/our estate securing a debt and/or personal property subject to an unexpired lease.**

Date signed:     January 15, 2009

/S/                                                                    /S/
Kathleen B. Gorall

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Gorall, Kathleen B.

Chapter 7
**RULE 2016(b) STATEMENT**

Peter Scribner, Esq., pursuant to Rule 2016(b) of Bankruptcy Rules, states that:

1. I am the attorney for the Debtor in this case.
2. The compensation agreed to be paid by the Debtor to me for basic bankruptcy services is:
   a) $1,201.00 for legal services rendered or to be rendered in contemplation of and in connection with this case.
   b) The amount of $1,201.00 was paid by the Debtor prior to filing this statement.
   c) The unpaid balance, if any, is $0.00
3. **$299.00** of the filing fee has been paid.
4. The services rendered or to be rendered include the following:
   (a) Analysis of the financial situation, and rendering advise and assistance to the Debtor in determining whether to file a petition under title 11 of the United States Code.
   (b) Preparation and filing of the petition, schedules, statements of affairs, plans, and other documents of the court.
   (c) Representing the Debtor at the section 341 meeting, plan confirmation hearings, and discharge/reaffirmation hearings;
   (d) Removal of garnishments or wage assignments;
   (e) Negotiate valuation of secured claims.
   (f) Representation of the Debtor in any proceedings or negotiations for any motions to reaffirm debts, to redeem exempt personal property from liens, to abandon or clear title to real property, or to avoid judicial liens on property of the Debtor.
5. The services rendered or to be rendered for the above amount do not include representation of the Debtor in any adversary proceeding; state court action or proceeding; objections to claims; motions to amend the petition, schedules or statements to comport with developments after the 341 meeting; motions to lift the automatic stay; court hearings required to determine valuation of secured property or claims; or trustee proceedings to sell property.

6. The source of the payments made by the Debtor to me was from wages, earnings and compensation for services performed.

7. The source of payments to be made by the Debtor to me for the unpaid balance remaining will be from wages, earnings and compensation for services performed.

8. I have received no transfer, assignment or pledge of property.

9. I have not shared or agreed to share with any other entity, other than with my law firm, any compensation paid or to be paid.
Dated: January 15, 2009
   Respectfully submitted: /s/_____
   PETER SCRIBNER, ESQ.
   1110 Park Ave.; Rochester, NY 14610 (585) 261-6461

ESL Federal Credit Union
100 Kings Hwy S. Ste. 1200
Rochester, NY 14617-5541

Credit Acceptance
PO 513
Southfield MI 48034

Internal Revenue Service
Insolvency Section
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Att: Special Procedures
Niagara Center, 2nd Floor
130 South Elmwood Ave.
Buffalo, NY 14202

NYS Dept. of Tax & Finance
Bankruptcy Unit
PO Box 5300
Albany NY 12205-0300

American Dream Card
PO Box 21550
Tulsa, OK 74121

American Dream card
PO Box 17313
Baltimore MD 21297-1313

Citibank Student Loan
PO Box 6191
Sioux Falls, SD 57117

Educational Credit Management Corp.
PO Box 8809
Richmond VA 23225

Citi Residential Lending, Inc.,
P.O. Box 769
Orange, CA 92866-9998

Citi Residential Lending Inc.
PO Box 11000
Santa Ana, CA 92711

Citi Residential Lending, Inc.
c/o Buchalter Nemer
16435 N. Scottsdale Road Suite 440
Scottsdale, AZ 85254

Juniper Bank
PO Box 8802
Wilmington, DE 19899

Juniper Bank
PO Box 13337
Philadelphia PA 19101-3337

Barclays Bank Delaware
C/O West Asset Management
7171 Mercy Rd
Omaha, NE 68106

Roundup Funding, LLC
Assignee of Barclays Bank Delaware
MS 550
PO Box 91121
Seattle, WA 98111-9221

West Asset Management
Agent for Juniper Bank
PO Box 956842
St. Louis MO 63195

Lowes
PO Box 530914
Atlanta, GA 30353

eCAST Settlement Corporation assignee of
GE Money Bank/Lowes Consumer
POB 35480
Newark NJ 07193-5480

Merrick Bank
PO Box 5721
Hicksville, NY 11802

Merrick Bank
PO Box 9201
Old Bethpage, NY 11804

Merrick Bank
C/O Weinstein and Riley, PS
2001 Western Avenue, Ste 400
Seattle, WA 98121

Palisades Collection LLC
a/p/o Providian National Bank
210 Sylvan Avenue
Englewood Cliffs NJ 07632

Foster & Garbus
Attorneys for Palisades Collection
PO Box 9030
Farmingdale NY 11735

Palisades Collection
C/O Monroe County Sheriff
Att: Civil Bureau
65 W Broad St
Rochester, NY 14614

Sam's Club
PO Box 520942
Atlanta, GA 30353

eCAST Settlement Corporation assignee of
GE Money Bank/Sams Club
POB 35480
Newark NJ 07193-5480